# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ORLANDO DELGADO,

    *Petitioner*,

vs.

ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*,

    *Respondents.*

2:11-cv-00583-JCM-GWF

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion (#19) to dismiss.

Respondents contend that the petition, as amended, should be dismissed because petitioner, despite multiple opportunities for compliance, has failed, *inter alia*, to verify the petition by signing the declaration under penalty of perjury.

Petitioner has not filed an opposition within the time specified in the *Klingele* minute order. Petitioner no longer is in physical custody, such that the prison mailbox rule does not apply to any *arguendo* mailed submissions that have not been timely filed.

Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." When an opposing party receives notice and is given sufficient time to respond to a motion to dismiss, a district court does not abuse its discretion in granting the motion based on failure to comply with a local rule. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.1995). Before dismissing a

case for failing to follow local rules, the district court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).

In the present case, petitioner was given appropriate notice of respondents' motion to dismiss both when the motion was served and further when he was provided a *Klingele* notice by the court. He has had ample time to respond to the motion to dismiss, but he has not done so. The court has weighed the above factors. It finds that the public's interest in expeditious resolution of litigation, particularly litigation involving the validity of state criminal proceedings, as well as the court's need to manage its docket, outweigh the risk of prejudice and the remaining factors. The motion to dismiss therefore will be granted due to petitioner's failure to respond to the motion under the local rule.

In this regard, the online state district court docket records for the state criminal proceeding referenced in the pleadings reflect that on July 29, 2011, the case was dismissed on a prosecution motion and any bond was exonerated. It thus appears highly unlikely at this juncture: (a) that petitioner continues to be in custody for the purposes of federal habeas jurisdiction; (b), that the matter thus has not become moot in this procedural context; (c) that there is a state criminal judgment of conviction or even an ongoing state criminal proceeding to challenge; (d) that if there were such a pending state criminal prosecution petitioner can demonstrate the extraordinary circumstances required for federal pretrial intervention in a pending state criminal proceeding; and/or (e) that petitioner could demonstrate that his claims have been fairly presented to and exhausted in the state courts all the way through to a final disposition of the claims on the merits in the state supreme court.

IT THEREFORE IS ORDERED, pursuant to Local Rule LR 7-2(d), that respondents' motion (#19) to dismiss is GRANTED and that the petition is DISMISSED without prejudice.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the court's grant of the unopposed motion to dismiss and dismissal of

the petition to be debatable or incorrect, particularly given petitioner's failure to verify the petition despite multiple opportunities as well as the substantial fundamental deficiencies in the action outlined herein, even if otherwise procedurally compliant.[1]

The clerk of court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED: November 14, 2012.

_____
JAMES C. MAHAN
United States District Judge

---

[1] The court expresses no opinion as to whether the petition, as amended, is subject to other defects, including a failure to name a proper respondent.